SYRACUSE CABLESYSTEMS, INC., et al., Appellants, v NIAGARA MOHAWK POWER CORPORATION, Respondent and Third-Party Plaintiff. NIAGARA TRANSFORMER CORPORATION et al., Third-Party Defendants-Respondents. (Action No. 1.)

BLITMAN & KING et al., Appellants, et al., Plaintiff, v NIAGARA MOHAWK POWER CORPORATION, Respondent and Third-Party Plaintiff. NIAGARA TRANSFORMER CORPORATION et al., Third-Party Defendants-Respondents. (Action No. 2.)

Fourth Department, December 26, 1991

## APPEARANCES OF COUNSEL

*Edward D. Brown, Jr. (Thomas J. Murphy* of counsel), for Niagara Mohawk Power Corporation, respondent.

*Smith, Sovik, Kendrick, Schwarzer & Sugnet, P. C. (Mary E. Kendrick-Gaffney* of counsel), for Niagara Transformer Corp., third-party defendant-respondent.

*Bond, Schoeneck & King (Donald S. DiBenedetto* and *John J. Dee* of counsel), for Westinghouse Electric Corporation, third-party defendant-respondent.

*Sugarman, Wallace, Manheim & Schoenwald (Timothy J.*

*Perry* of counsel), for Syracuse Cablesystems, Inc. and another, appellants.

*Bogart & Associates, P. C. (Carol E. Worboys* of counsel), for Blitman & King and others, appellants.

### OPINION OF THE COURT

GREEN, J.

■ We conclude that the damages plaintiffs seek are not for "economic loss" and, therefore, are not precluded from recovery in plaintiffs' negligence action under the holding of *Schiavone Constr. Co. v Mayo Corp.* (56 NY2d 667, *revg on dissent* 81 AD2d 221, 227-234). The facts are not in dispute and may be stated briefly.

Plaintiffs Syracuse Cablesystems, Inc. (Syracuse), Rogers Cablesystems, Inc. (Rogers), Blitman & King and Nathan H. Blitman (Blitman) and Davoli, McMahon & Kublick, P. C. (Davoli) were tenants in a building located at 500 South Salina Street in Syracuse, New York. Defendant Niagara Mohawk Power Corporation (Niagara Mohawk) provides electrical services to the building through a transformer and associated switch located in a concrete vault below the sidewalk adjacent to plaintiffs' building. Niagara Mohawk purchased the transformer from third-party defendant Niagara Transformer Corporation (Niagara Transformer). Third-party defendant Westinghouse Electric Corporation (Westinghouse) manufactured the switch mechanism on the transformer.

At 9:30 P.M. on December 21, 1983 the transformer exploded and oil from the switch mechanism, containing polychlorinated biphenyls (PCB), leaked into the building. Due to the contamination, the building was closed and plaintiffs were prevented from using their offices for almost one month while a firm hired by Niagara Mohawk cleaned up the building. During that period, plaintiffs were required to rent other space to conduct their respective businesses. They lost profits and incurred other business expenses because of the explosion. Plaintiffs also allegedly suffered physical damage to clothing, office supplies and equipment. Plaintiffs sued Niagara Mohawk alleging both negligence in the operation and maintenance of the transformer and a theory of res ipsa loquitur. In the complaints plaintiffs sought damages for lost profits and property damage. In a bill of particulars plaintiffs stated that the damages included rental expense, lost subscriber revenue,

lost installation revenue, employee overtime, lost sales commission, employee wages and additional advertising expense.

Niagara Mohawk commenced a third-party action against Niagara Transformer for negligent design and manufacture of the transformer and against Westinghouse for negligent design and manufacture of the high-voltage transformer switch. Niagara Transformer denied liability and interposed a counterclaim against Niagara Mohawk and a cross claim against Westinghouse. Niagara Mohawk, Niagara Transformer and Westinghouse separately cross-moved for summary judgment to dismiss plaintiffs' complaints and the third-party complaint on the common ground that, under *Schiavone (supra)*, plaintiffs could not recover for purely economic loss in tort. Supreme Court agreed and granted the cross motions. That was error.

In *Schiavone (supra)*, a truck hoist could not withstand ordinary use and eventually had to be sold at a loss. The dissent at the Appellate Division, with which the Court of Appeals agreed, concluded that plaintiff (a subway construction company which purchased the hoist from defendant) sought to recover damages for failure of the product to function properly when used for normal business purposes, which was at best a breach of contract, not a tort. In our view the instant case is distinguishable from *Schiavone* and is more akin to the facts in our court's decision in *Dunlop Tire & Rubber Corp. v FMC Corp.* (53 AD2d 150).

There, an explosion occurred in defendant's chemical manufacturing plant which cast stones and debris onto plaintiff's tire factory nearby. The explosion also destroyed towers and distribution lines owned by Niagara Mohawk which supplied electrical energy to plaintiff's factory causing a 24-hour shutdown of plaintiff's production facilities. We affirmed the denial of defendant's motion to dismiss plaintiff's negligence cause of action reasoning that plaintiff was within the zone of foreseeable danger from negligent acts of defendant. We stated that: "Plaintiff's property was located near defendant's property in a highly industrialized section of the town, the two separated only by railroad tracks, and the explosion (which was not the first explosion experienced by defendant in its chemical operations) occurred at a point less than 1,200 feet from plaintiff's buildings. Given the nature of defendant's business and the relationship of the two parties, it is apparent that the amended complaint states facts entitling plaintiff to recover for damage due to flying debris and concussion from the blast

if a jury determines that defendant failed to exercise reasonable care considering the risk that could be anticipated" (53 AD2d 150, 152, *supra).* We also permitted plaintiff the right to recover lost profits sustained during the 24-hour shutdown in addition to property damage from the explosion because the damage from the loss of power and the interruption of production was foreseeable and resulted from a breach of defendant's duty to protect plaintiff against a predictable risk.

Here, Niagara Mohawk had a duty to protect plaintiffs, who leased office space in a building to which Niagara Mohawk supplied electrical power and services. The risk of an explosion in the transformer and the consequent danger of PCB contamination to the building was foreseeable. Moreover, here as in *Dunlop (supra),* the plaintiffs allegedly suffered property damage, which, although constituting only a small portion of the total damages sought, was caused by an accidental explosion which rendered plaintiffs' property unusable for an extended period of time. Logically, if damage from the loss of power was foreseeable, the interruption of plaintiffs' business operations was also foreseeable and the lost profits and related business expenses resulting from the interruption would be compensable *(Dunlop Tire & Rubber Corp. v FMC Corp., supra,* at 154-155).

Economic loss has been defined as "the direct and consequential damages which may result from product nonperformance" *(Hemming v Certainteed Corp.,* 97 AD2d 976, *appeal dismissed* 61 NY2d 758). In such cases the damaged party has lost part of its bargain and the parties are relegated to the contractual remedies they negotiated, including warranties governing the rights and obligations between manufacturers and suppliers of goods. In the instant case, however, plaintiffs are not alleging that the transformer or switch did not perform as promised. Indeed, there was no promise regarding the transformer or switch between plaintiffs and any party to this lawsuit. Rather, plaintiffs allege that Niagara Mohawk negligently maintained the transformer which proximately caused property damage as well as consequential damages. Thus, the *Schiavone* rationale is inapplicable here because the damages claimed do not relate to the expectations of the parties and relegating these plaintiffs to contractual remedies would be hollow and ineffectual.

In determining whether the *Schiavone* rule applies, the factors to consider are the nature of the defect, the injury, the manner in which the injury occurred and the damages sought

*(see, Bellevue S. Assocs. v HRH Constr. Corp.,* 78 NY2d 282, 293). Here, as in other similar cases allowing recovery in tort *(see, e.g., Pennsylvania Glass Sand v Caterpillar Tractor Co.,* 652 F2d 1165; *Dudley Constr. v Drott Mfg. Co.,* 66 AD2d 368), a failure of the transformer was likely to produce a catastrophic accident or enhance the damages should an accident occur. Moreover, the damages plaintiffs seek are based in part upon personal injury and property contamination. Those damages were caused by a sudden, accidental and cataclysmic explosion of the transformer. In sum, plaintiffs' actions in tort were not foreclosed by the nature of their damages and a trial is necessary to determine if Niagara Mohawk was negligent and, if so, the extent of damages caused by the explosion. Accordingly, the court erred in granting the cross motions for summary judgment and dismissing plaintiffs' complaints.

The court also erred in dismissing Niagara Mohawk's third-party complaint against Westinghouse and Niagara Transformer. Niagara Mohawk alleged that Niagara Transformer was negligent in the design and manufacture of the transformer and that Westinghouse was negligent in the design and manufacture of the high-voltage switch which became an integral part of the transformer. If Niagara Mohawk is found to be liable to plaintiffs in negligence for damages, then Niagara Mohawk may be entitled to contribution or indemnification from the third-party defendants based upon their alleged negligence *(see, Bellevue S. Assocs. v HRH Constr. Corp.,* 78 NY2d 282, 295-299, *supra; Doyle v Happy Tumbler Wash-O-Mat,* 90 AD2d 366, 368; *cf., Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21).

Accordingly, the order insofar as appealed from should be reversed, the cross motions denied and the complaints and third-party complaint reinstated.

DOERR, J. P., BOOMER, PINE and BALIO, JJ., concur.

Order insofar as appealed from unanimously reversed, on the law, with costs, cross motions denied and complaints and third-party complaint reinstated.