■ UNITED SERVICES AUTOMOBILE ASSOCIATION, Plaintiffs, v R. MAURICE ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Respondent. ALBERT F. STAGER, INC., Third-Party Defendant-Appellant.—Order unanimously modified on the law

and as modified affirmed with costs to defendant in accordance with the following Memorandum: After paying the claim of one of its insureds, plaintiff retained Albert F. Stager, Inc. (Stager) to investigate and adjust a loss arising out of a fire attributed to a faulty television set. Stager then retained R. Maurice Associates, Inc. (RMA) to provide engineering advice and to examine the remnants of the television set and a toaster oven. At some point, the television set was destroyed or lost and, as a consequence, plaintiff's subrogation action against General Electric Company was dismissed. RMA and Stager each blame the other for the loss of the television set.

In this action, plaintiff seeks to recover the damages from RMA that it had originally sought in the subrogation action, pleading causes of action in negligence and breach of contract. RMA has brought a third-party action against Stager for indemnification and contribution. Stager moved for summary judgment dismissing the third-party complaint. Supreme Court denied the motion. We modify by dismissing so much of the third-party complaint that seeks contribution.

"A third-party defendant's liability for implied indemnification is based upon breach of some duty owed either to the injured party or to the third-party plaintiff" (*Arell's Fine Jewelers v Honeywell, Inc.,* 170 AD2d 1013, 1014; *see, Garrett v Holiday Inns,* 58 NY2d 253, 259-261; *McDermott v City of New York,* 50 NY2d 211, 218-219, n 5). When plaintiff retained Stager, Stager was given constructive possession of the television set and owed plaintiff the duty of preserving that item. If, as alleged by RMA, Stager lost the television set, RMA would be entitled to indemnity from Stager for any damages that plaintiff recovers against RMA. Supreme Court properly denied Stager's motion insofar as it sought dismissal of RMA's claim for indemnification.

Supreme Court, however, should have dismissed RMA's claim against Stager for contribution. Contribution is not available for loss resulting from a breach of contract *(see, Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 24-29). Even were recovery available in tort *(see, Sommer v Federal Signal Corp.,* 79 NY2d 540, 557-558), RMA would not be entitled to contribution from Stager. The damages claimed are solely for economic loss, and contribution may not be had for such loss *(see, Genesee Val. Club v Kidde & Co.,* 177 AD2d 1051, 1051-1052, *lv dismissed* 79 NY2d 915; *Arell's Fine Jewelers v Honeywell, Inc., supra; see also, Schiavone Constr. Co. v Elgood Mayo Corp.,* 56 NY2d 667, 669, *revg* 81 AD2d 221, 227-234, *on dissenting opn of Silverman, J.).*

We have examined Stager's other contentions and find them to be without merit. The third-party complaint is legally sufficient *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 272-275), and the absence of consideration is irrelevant *(see, McDermott v City of New York, supra).* (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Boomer, J. P., Green, Balio, Boehm and Fallon, JJ.