■ COUNTY OF CHAUTAUQUA, Respondent, v PACOS CONSTRUCTION COMPANY, INC., Appellant and Third-Party Plaintiff-Respondent. ROBERT M. BROWN, Doing Business as R. M. BROWN ENGINEERING, Third-Party Defendant-Appellant. [600 NYS2d 585] —Order insofar as appealed from unanimously reversed on the law without costs, motion and cross motion granted. Memorandum: Plaintiff entered into a contract with defendant Pacos Construction Company, Inc. (Pacos) for the replacement of two bridges. The plans and specifications for the bridge replacement project were prepared by third-party defendant Robert M. Brown, doing business as R. M. Brown Engineering (Brown). Over four years after the construction was completed, plaintiff commenced the present action against

Pacos. Plaintiff alleges that both bridges were structurally defective and that it was required to expend $348,644 to repair and replace them. In its first cause of action, plaintiff alleges that Pacos was negligent in performing the construction. Plaintiff's second cause of action is for breach of contract. Pacos commenced a third-party action against Brown, seeking contribution and common-law indemnification. Brown moved for summary judgment dismissing the third-party action and Pacos cross-moved to dismiss the first cause of action.

Supreme Court erred in denying Pacos' cross motion to dismiss plaintiff's first cause of action. "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389). Plaintiff has alleged no facts that would support the existence of a legal duty independent of the contract or "claimed any damages other than direct and consequential nonaccidental economic loss" *(Lake Placid Club Attached Lodges v Elizabethtown Bldrs.,* 131 AD2d 159, 162).

The court also erred in denying Brown's motion for summary judgment to dismiss the third-party complaint. "The law is well settled that the remedy of contribution is not available to a defendant whose potential liability to the plaintiff is for economic loss resulting from an alleged breach of contract" *(Lawrence Dev. Corp. v Jobin Waterproofing,* 167 AD2d 988, 989, citing *Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 28-29; *City of Rochester v Holmsten Ice Rinks,* 155 AD2d 939, 940). Pacos' claim for common-law indemnification against Brown should have been dismissed because "the third-party complaint does not allege facts showing that [Pacos] was unfairly required to discharge a duty that should have been discharged by another, such that a contract to indemnify should be implied by law" *(Board of Educ. v Sargent, Webster, Crenshaw & Folley, supra,* at 29; *see also, Facilities Dev. Corp. v Miletta,* 180 AD2d 97, 104; *Lawrence Dev. Corp. v Jobin Waterproofing, supra).* (Appeal from Order of Supreme Court, Chautauqua County, Cass, Jr., J.—Summary Judgment.) Present—Callahan, J. P., Green, Lawton, Fallon and Boehm, JJ.