■ CITY OF OLEAN, Appellant-Respondent, v NEW YORK STATE ENVIRONMENTAL FACILITIES CORPORATION, Appellant-Respondent, and MID-STATE ELECTRIC CO., INC., et al., Respondents-Appellants. (Appeal No. 1.) [625 NYS2d 775] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This action arises out of the construction of plaintiff's sewage treatment plant. Plaintiff hired defendant New York State

Environmental Facilities Corporation (EFC) to build the plant. Through a series of assignments, defendant Mid-State Electric Co., Inc. (Mid-State) contracted with EFC to perform the electrical work on the project. That contract was expressly incorporated into the terms of the performance bond issued by defendant Seaboard Surety Company (Seaboard). After the plant opened, plaintiff commenced this action for damages allegedly resulting from defective electrical work at the plant.

Subsequently, plaintiff and EFC entered into an agreement (Liquidating Agreement) acknowledging EFC's liability to plaintiff and liquidating that liability in the amount of $75,607, along with the amount, if any, collected or recovered by EFC from the other defendants.

Following the execution of the Liquidating Agreement, plaintiff moved for leave to serve its proposed second amended complaint (referred to by the parties as the "first amended verified complaint"), EFC moved for leave to serve an amended answer and Mid-State and Seaboard cross-moved for summary judgment dismissing the fourth through seventh causes of action in plaintiff's amended complaint. The proposed second amended complaint dropped the first three causes of action in the amended complaint, reasserted the fourth through sixth causes of action against Mid-State as the first through third causes of action, reasserted the seventh cause of action against Seaboard as the sixth cause of action, and alleged, as the fourth and fifth causes of action, two new causes of action against Mid-State and, as the seventh cause of action, one new cause of action against Seaboard. Supreme Court denied plaintiff's motion, granted EFC's motion and granted the cross motion.

Plaintiff cannot enforce the contract between EFC and Mid-State. That contract expressly precludes enforcement by third parties (see, Fitzpatrick Constr. Corp. v County of Suffolk, 138 AD2d 446, 449-450, lv denied 73 NY2d 807). Thus, the court properly granted summary judgment dismissing the fourth, sixth and seventh causes of action in the amended complaint and properly denied leave to assert the first, third and sixth causes of action in the proposed second amended complaint. Those causes of action depend upon plaintiff's status as a third-party beneficiary of that contract.

The court also properly denied plaintiff leave to assert the fifth and seventh causes of action in the proposed second amended complaint. In those causes of action, plaintiff seeks to recover in tort for purely economic loss arising from Mid-

State's alleged breach of contract *(see, Bristol-Myers Squibb v Delta Star,* 206 AD2d 177, 180-181).

Summary judgment was properly granted dismissing the fifth cause of action in the amended complaint and leave to amend was properly denied with respect to the second cause of action in the proposed second amended complaint. Those causes of action allege that Mid-State negligently performed the contract. Plaintiff, however, failed to allege or present evidence that Mid-State breached any legal duty independent of its contractual obligations *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 390; *Bristol-Myers Squibb v Delta Star, supra,* at 179).

For the same reason, however, the court should have denied EFC leave to amend its answer to assert its second cross claim against Mid-State, which also alleged negligent performance of the contract. Similarly, the court erred in granting EFC leave to assert its fourth cross claim against Mid-State, which alleged unjust enrichment. The same conclusory allegations of unjust enrichment were properly determined to be legally insufficient in the fourth cause of action in plaintiff's proposed second amended complaint *(see, Stone v Solarbrite, Inc.,* 128 AD2d 696). Thus, we modify the order on appeal by denying EFC's motion insofar as it seeks leave to assert against Mid-State the second cross claim, alleging negligent performance of contract, and the fourth cross claim, alleging unjust enrichment.

We reject the contention of Mid-State and Seaboard that the Liquidating Agreement effectively shields them from liability to EFC for breach of contract *(see, Lambert Houses Redevelopment Co. v HRH Equity Corp.,* 117 AD2d 227, 231; *Ardsley Constr. Co. v Port of N. Y. Auth.,* 61 AD2d 953, 954). The motion of EFC for leave to amend its answer to assert the first and third cross claims against Mid-State and the first and second cross claims against Seaboard was properly granted *(see,* CPLR 3025 [b]). (Appeals from Order of Supreme Court, Cattaraugus County, Francis, J.—Amend Pleadings.) Present —Green, J. P., Pine, Callahan, Doerr and Davis, JJ.