State's alleged breach of contract *(see, Bristol-Myers Squibb v Delta Star,* 206 AD2d 177, 180-181).

Summary judgment was properly granted dismissing the fifth cause of action in the amended complaint and leave to amend was properly denied with respect to the second cause of action in the proposed second amended complaint. Those causes of action allege that Mid-State negligently performed the contract. Plaintiff, however, failed to allege or present evidence that Mid-State breached any legal duty independent of its contractual obligations *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 390; *Bristol-Myers Squibb v Delta Star, supra,* at 179).

For the same reason, however, the court should have denied EFC leave to amend its answer to assert its second cross claim against Mid-State, which also alleged negligent performance of the contract. Similarly, the court erred in granting EFC leave to assert its fourth cross claim against Mid-State, which alleged unjust enrichment. The same conclusory allegations of unjust enrichment were properly determined to be legally insufficient in the fourth cause of action in plaintiff's proposed second amended complaint *(see, Stone v Solarbrite, Inc.,* 128 AD2d 696). Thus, we modify the order on appeal by denying EFC's motion insofar as it seeks leave to assert against Mid-State the second cross claim, alleging negligent performance of contract, and the fourth cross claim, alleging unjust enrichment.

We reject the contention of Mid-State and Seaboard that the Liquidating Agreement effectively shields them from liability to EFC for breach of contract *(see, Lambert Houses Redevelopment Co. v HRH Equity Corp.,* 117 AD2d 227, 231; *Ardsley Constr. Co. v Port of N. Y. Auth.,* 61 AD2d 953, 954). The motion of EFC for leave to amend its answer to assert the first and third cross claims against Mid-State and the first and second cross claims against Seaboard was properly granted *(see,* CPLR 3025 [b]). (Appeals from Order of Supreme Court, Cattaraugus County, Francis, J.—Amend Pleadings.) Present —Green, J. P., Pine, Callahan, Doerr and Davis, JJ.

◼ Mɪᴅ-Sᴛᴀᴛᴇ Eʟᴇᴄᴛʀɪᴄ Co., Iɴᴄ., Appellant, v Nᴇᴡ Yᴏʀᴋ Sᴛᴀᴛᴇ Eɴᴠɪʀᴏɴᴍᴇɴᴛᴀʟ Fᴀᴄɪʟɪᴛɪᴇs Cᴏʀᴘᴏʀᴀᴛɪᴏɴ, Respondent. Cɪᴛʏ ᴏꜰ Oʟᴇᴀɴ, Plaintiff, v Nᴇᴡ Yᴏʀᴋ Sᴛᴀᴛᴇ Eɴᴠɪʀᴏɴᴍᴇɴᴛᴀʟ Fᴀᴄɪʟɪᴛɪᴇs Cᴏʀᴘᴏʀᴀᴛɪᴏɴ, Respondent, and Mɪᴅ-Sᴛᴀᴛᴇ Eʟᴇᴄᴛʀɪᴄ Co., Iɴᴄ., et al., Appellants. (Appeal No. 2.) [625 NYS2d 957] —Appeal unanimously dismissed without costs. Memorandum: The order granting defendant New York State Environmental

Facilities Corporation leave to serve an amended answer, as modified by this Court *(City of Olean v New York State Envtl. Facilities Corp.,* 213 AD2d 1018 [decided herewith]), has rendered moot the appeal from the order addressed to the original answer *(see, 100 Hudson Tenants Corp. v Laber,* 98 AD2d 692; *Business Council v Cooney,* 86 AD2d 719; *Smith v Russell Sage Coll.,* 78 AD2d 913, *affd* 54 NY2d 185; *Waterman v Marpet,* 281 App Div 896; 6 Carmody-Wait 2d, NY Prac § 34:7, at 55-56). (Appeal from Order of Supreme Court, Cattaraugus County, Francis, J.—Summary Judgment.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.

■ ROBERT L. WEBER, as Director and Shareholder and in the Right of Cayuga Village, Inc., and on the Behalf of Himself and All Other Shareholders Similarly Situated, Respondent-Appellant, v QUAIN WEBER et al., Appellants-Respondents. [624 NYS2d 1021] —Order unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: This action arises out of a dispute among family members who are the only shareholders and directors of Cayuga Village, Inc., a New York corporation that operates a mobile home park. The certificate of incorporation of the corporation provides that each of the four directors as owners have "equal rights and privileges except as otherwise provided in [the] Certificate of Incorporation". The certificate provides, *inter alia,* that the "unanimous vote or consent of all directors of the corporation shall be necessary" to conduct 15 specified items of business. Paragraph 6 (i) provides that the unanimous vote of all directors is necessary to "approve or ratify the operating budget of the corporation". At a directors' meeting held in June 1993, a motion to increase the rents charged to occupants of the mobile home park was approved by a majority vote. Plaintiff voted against the rent increase.

Plaintiff commenced the instant action pursuant to Business Corporation Law § 720. The first cause of action seeks a declaration that defendants' decision to increase the rental rates is void as not being approved by the unanimous vote and consent of all directors. Following joinder of issue, defendants brought a motion for partial summary judgment dismissing plaintiff's first cause of action. Plaintiff brought a cross motion for partial summary judgment on his first cause of action. Supreme Court denied both motions.