■ SUFFOLK LAUNDRY SERVICES, INC., Respondent, v REDUX CORPORATION, Appellant. [656 NYS2d 372] —In an action to recover damages, *inter alia*, for breach of contract, negligence, and strict products liability, the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 21, 1995, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of the defendant's motion which were for summary judgment dismissing the plaintiff's causes of action to recover damages for negligence and strict products liability, and those portions of the plaintiff's claims which seek consequential damages, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with costs to the appellant.

The plaintiff, Suffolk Laundry Services, Inc., operates a commercial laundry washing plant in Southampton, New York. In May 1985 the New York State Department of Environmental Conservation (hereinafter DEC) fined the plaintiff $40,000 for discharging waste water containing pollutants in excess of

DEC limitations. However, the DEC agreed to suspend $30,000 of the penalty if the plaintiff reduced the contaminants in its ground water to a level which complied with its standards. In an effort to bring its operation into compliance, on July 24, 1985, the plaintiff entered into an agreement to purchase a water recycling system from the defendant, Redux Corporation. The sales agreement expressly stated that the recycling system would bring the water discharged from the plaintiff's laundry operation into compliance with DEC standards. The agreement also stated that in the event that the system failed to do so, the defendant was required to remove its equipment and refund the purchase price. The agreement further provided that the defendant's liability would be limited to return of the purchase price, "and shall in no event include any consequential or other special damages".

The plaintiff contends that the recycling system failed to reduce contaminants to permissible levels, and, as a result, it was ultimately required to pay the suspended portion of the DEC penalty. Shortly thereafter, the plaintiff commenced this action seeking recovery on theories of negligence, strict products liability, breach of contract, and breach of warranty. The defendant subsequently moved to dismiss the complaint, arguing that the plaintiff could not recover tort damages for the failure of the recycling system to perform as expected, and that the plaintiff's recovery on its breach of contract and warranty claims should be limited to return of the purchase price. The Supreme Court, after electing to treat the defendant's motion as a motion for summary judgment, denied it in its entirety, finding that an issue of fact existed as to whether the recycling system's failure to adequately reduce contaminants caused property damage to the plaintiff, and that the provisions of the sales agreement limiting the defendant's liability were unenforceable. We disagree.

As a general rule, where a product fails to perform as promised due to negligence in either the manufacturing or installation process, a plaintiff is precluded from recovering tort damages for its economic loss (see, Schiavone Constr. Co. v Mayo Corp., 56 NY2d 667; Bristol-Meyers Squibb v Delta Star, 206 AD2d 177). The economic loss rule is based on the principle that damages arising from the failure of the bargained-for consideration to meet the expectations of the parties are recoverable in contract, not tort, unless a legal duty independent of the contract itself has been violated (see, Bellevue S. Assocs. v HRH Constr. Corp., 78 NY2d 282, 294-295; Bristol-Meyers Squibb v Delta Star, supra). At bar, the plaintiff alleges, in es-

sence, that the recycling system failed to adequately reduce the level of contaminants already present in the ground water on its property, and that as a result of the system's failure, it was required to pay the suspended portion of the DEC penalty. However, since these alleged damages arise from the failure of the recycling system to perform as intended, and not from any accidental occurrence which independently caused injury to the plaintiff's property, we find that they are economic losses which are not recoverable in tort (*see, Carcone v Gordon Heating & Air Conditioning Co.*, 212 AD2d 1017; *Bristol-Meyers Squibb v Delta Star, supra; Arell's Fine Jewelers v Honeywell, Inc.*, 170 AD2d 1013; *cf., Village of Groton v Tokheim Corp.*, 202 AD2d 728; *Syracuse Cablesystems v Niagara Mohawk Power Corp.*, 173 AD2d 138). Accordingly, the plaintiff's causes of action sounding in strict products liability and negligence must be dismissed.

Furthermore, those portions of the plaintiff's breach of contract and warranty claims which seek consequential damages must be dismissed. Contrary to the Supreme Court's conclusion, the language of the sales agreement, when considered in its entirety, clearly reflects an intent to limit the purchaser's recovery to return of the purchase price (*see,* 5 Anderson, Uniform Commercial Code § 2-719:42, at 40 [3d rev ed 1994]; *Southwest Forest Indus. v Westinghouse Elec. Corp.*, 422 F2d 1013, *cert denied* 400 US 902). Moreover, even if a question of fact exists as to whether the exclusive remedy provision of the agreement is unenforceable because it "fail[s] of its essential purpose" (UCC 2-719 [2]), the additional provision in the agreement barring recovery of consequential damages may still be enforced, provided that it is not unconscionable (*see, Scott v Palermo*, 233 AD2d 869; *Cayuga Harvester v Allis-Chalmers Corp.*, 95 AD2d 5). In light of the fact that the parties to the subject agreement were corporate entities, and absent any evidence that the plaintiff was placed in a position where it lacked "meaningful choice" to negotiate the terms of the agreement, we find, as a matter of law, that the provision precluding the purchaser from recovering consequential damages is not unconscionable, and may therefore be enforced (*see, Scott v Palermo, supra; Cayuga Harvester v Allis-Chalmers Corp., supra*). Mangano, P. J., Pizzuto, Krausman and Luciano, JJ., concur.