■ STATE FARM FIRE & CASUALTY COMPANY, as Subrogee of TIMOTHY WAGNER and Another, et al., Respondents, v SOUTH-TOWNS TELE-COMMUNICATIONS, INC., Appellant. [667 NYS2d 157] —Order unanimously affirmed without costs. Memorandum: In 1989, Grocery Delivery Services, Inc. (GDS), occupied a building in the City of Buffalo owned by plaintiffs Timothy and Marjorie Wagner, who operated the business and held 95% of its stock. In January 1989, defendant contracted with GDS to install a "music-on-hold" system in the Wagners' building. To install the system, for which GDS paid $297, one of defendant's employees connected an AM/FM radio to telephone wires on the premises. On March 28, 1989, shortly after the music-on-hold system was installed, a fire caused extensive damage to the building and its contents.

The Wagners had obtained fire insurance for the building and the business from plaintiff State Farm Fire & Casualty Company (State Farm), but the policy identified the business as the Wagners, doing business as Grocery Delivery Services, rather than Grocery Delivery Services, Inc. Pursuant to the policy, State Farm paid the Wagners $52,681.29 for damage to the building, $76,950 for loss of its contents and $91,643.77 for loss of business, even though the two latter losses were sustained by GDS, which was not a named insured.

State Farm, as subrogee of the Wagners, and the Wagners individually commenced this action alleging, *inter alia*, that the fire "was brought about as a direct result of the defendant's negligence in connection with the selection, sale, and installation of the 'music-on-hold system'". State Farm sought to recover the $221,275.06 it had paid to the Wagners, and the Wagners sought $217,062.73 for additional loss of business not covered by the State Farm policy.

Defendant moved for summary judgment dismissing the complaint, and plaintiffs cross-moved to reform the policy to add GDS as a named insured and for leave to amend the complaint to add GDS as a plaintiff. Supreme Court denied the motion and granted the cross motion, and defendant appeals.

The court properly granted the cross motion. Even assuming, arguendo, that defendant has standing to challenge reformation of the insurance contract, to which it was not a party, we conclude that the court properly reformed the policy to correct a mutual mistake regarding the legal status of the business (*see, Crivella v Transit Cas. Co.*, 116 AD2d 1007; *Court Tobacco Stores v Great E. Ins. Co.*, 43 AD2d 561).

We further conclude that the court did not abuse its discretion in granting plaintiffs leave to amend the complaint. Leave to amend pleadings "shall be freely given" (CPLR 3025 [b]), and "[m]istakes relating to the name of a party involving a misnomer or misdescription of the legal status of a party surely fall within the category of those irregularities which are subject to correction by amendment" (*Covino v Alside Aluminum Supply Co.*, 42 AD2d 77, 80; *see, Bel Paese Sales Co. v Macri*, 99 AD2d 740, 741).

Defendant contends that the court should have granted its motion for summary judgment because the claims for loss of business and loss of contents were sustained by GDS, a nonparty; the contract precludes an award of consequential damages; and the contract absolves defendant of liability for its own negligence. We disagree. With respect to the losses sustained by GDS, those claims may be asserted in this action because the court properly amended the complaint to add GDS as a plaintiff. The provision of the contract that precludes an award of consequential damages applies only to the warranty of defendant that its equipment will be free from defects for a period of six months, and the contract does not unambiguously absolve defendant of liability for its own negligence (*see, Terminal Cent. v Modell & Co.*, 212 AD2d 213, 218-219).

Contrary to defendant's further contention, plaintiffs are not limited to breach of contract remedies on their first cause of action, which alleges that defendant negligently installed the music-on-hold system. That cause of action asserts a valid tort claim because the damages allegedly sustained by plaintiffs do not arise from the failure of the music-on-hold system to perform as intended, but arise instead from an "abrupt, cataclysmic occurrence" allegedly caused by defendant's negligence (*Bellevue S. Assocs. v HRH Constr. Corp.*, 78 NY2d 282, 294, *rearg denied* 78 NY2d 1008; *see, Sommer v Federal Signal Corp.*, 79 NY2d 540, 552; *cf., Bristol-Meyers Squibb, Indus. Div. v Delta Star*, 206 AD2d 177, 179-180). Moreover, the legal duty allegedly breached by defendant, failure to exercise reasonable care while connecting electrical wires, does not arise solely from the contract (*see, New York Univ. v Continen-

*tal Ins. Co.*, 87 NY2d 308, 316; *Sommer v Federal Signal Corp.*, *supra*, at 551-552).

Finally, we conclude that, under the circumstances of this case, business interruption losses may be recovered under the negligence cause of action (*see, Syracuse Cablesystems v Niagara Mohawk Power Co.*, 173 AD2d 138; *Dunlop Tire & Rubber Corp. v FMC Corp.*, 53 AD2d 150, 154-155; *cf., Arell's Fine Jewelers v Honeywell, Inc.*, 170 AD2d 1013, 1014). (Appeal from Order of Supreme Court, Erie County, Mahoney, J.— Summary Judgment.) Present—Denman, P. J., Hayes, Callahan and Fallon, JJ.