■ Glens Falls Insurance Company, Appellant, v Quality Furniture Services Corporation, Respondent. [754 NYS2d 346] —In a subrogation action to recover damages for negligence and breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), dated

November 20, 2001, which granted the defendant's motion for summary judgment dismissing the cause of action to recover damages for breach of contract.

Ordered that the order is affirmed, with costs.

In 1994 the defendant entered into an oral contract with the plaintiff's insured to paint a portion of the floor of the plaintiff's insured's showroom for $2,000. During the course of performance, the plaintiff's insured's premises was heavily damaged by fire. The plaintiff paid its insured more than $800,000 for the loss. In 1998 it commenced the instant subrogation action asserting causes of action sounding in negligence and breach of contract against the defendant to recoup those payments. The negligence cause of action was dismissed, without opposition, as time-barred.

The defendant moved to dismiss the remaining cause of action alleging breach of contract. The Supreme Court granted the motion on the ground that the plaintiff's damages resulted from tortious conduct. We affirm.

A plaintiff may only recover damages for a breach of contract which are the natural and probable consequences of the breach, or which can reasonably be said to have been foreseen or contemplated by the parties when the contract was made (*see Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 469). The fire damages sustained by the plaintiff's insured may have been the result of the defendant's negligence, but are not recoverable pursuant to a cause of action sounding in breach of contract (*see Bristol-Myers Squibb Indus. Div. v Delta Star,* 206 AD2d 177; *Syracuse Cablesystems v Niagara Mohawk Power Corp.,* 173 AD2d 138, 142). Santucci, J.P., O'Brien, Goldstein and Cozier, JJ., concur.