**PAB AVIATION, INC., Plaintiff–Appellant,**

**Treasure Solutions, Inc. & United States Aviation Under Writers, Inc., Plaintiffs,**

v.

**UNITED STATES of America, Defendant–Third–Party– Plaintiff–Appellee,**

**Port Authority, Third–Party–Defendant.**

No. 05–1604–CV.

United States Court of Appeals, Second Circuit.

Feb. 27, 2006.

Brendan S. Maher, Kreindler & Kreindler, New York, New York (Andrew J. Maloney, on the brief), for Appellant.

Steve Frank, Attorney, Appellate Staff, Civil Division, U.S. Department of Justice, Washington, D.C. (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York; Peter D. Keisler, Assistant Attorney General, Leonard Schaitman, Attorney, Appellate Staff, Civil Division, U.S. Department of Justice, on the brief), for Appellee.

PRESENT: Honorable AMALYA L. KEARSE, Honorable REENA RAGGI, Circuit Judges, and Honorable JANE A. RESTANI,[1] Chief Judge, U.S. Court of Int'l Trade.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on March 9, 2005, dismissing the claim for lack of subject matter jurisdiction, is hereby AFFIRMED.

Plaintiff PAB Aviation, Inc. ("PAB"), sued defendant United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80 (2000), for negligence by its employee, an air traffic controller, resulting in the March 25, 1997 destruction of a Gulfstream jet aircraft owned by Treasure Solutions, Inc. ("TSI"), and operated by PAB. PAB now appeals the district court's dismissal of its complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

We review *de novo* a district court's dismissal under Rule 12(b)(1) and will affirm only if it "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Raila v. United States*, 355 F.3d 118, 119 (2d Cir.2004). We may affirm the dismissal on "any ground with support in the record, even if it was not the ground relied on by the District Court." *Palmer v. Occidental Chem. Corp.*, 356 F.3d 235, 236 (2d Cir. 2004).

"It is, of course, 'axiomatic' under the principle of sovereign immunity 'that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir.2004) (quoting *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)); *see Department of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999); *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Pursu-

---

1. The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

ant to the FTCA, the United States has agreed, under certain circumstances, to waive its immunity and to be liable for tort damages "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. A notable exception applies, however, to "[a]ny claim arising out of . . . interference with contract rights." *Id.* § 2680(h).

The district court concluded that PAB's claim was barred by § 2680(h) because "while styled as one for simple negligence, [it] is really one for negligent interference with contract rights." *PAB Aviation, Inc. v. United States,* No. 98–5952, 2000 WL 1134468, 2000 U.S. Dist. LEXIS 10913, at *6 (E.D.N.Y. Aug. 3, 2000). PAB does not contend on this appeal that the district court erred in construing § 2680(h) to bar claims for negligent interference with contract rights.[2] *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Instead, it argues that the district court erred in construing its claim as one for negligent interference with contract. PAB insists that its right to "possess, control, use, benefit from, invite onto, exclude from, [and] store chattel on" the destroyed Gulfstream gave it a

cognizable property interest in the aircraft, entitling it to recover a measure of damages for the plane's negligent destruction. Appellant's Reply Br. at 3. We disagree.

As this court recently observed, "[i]n tort law, 'injury to property' and 'loss of property' have neither conventional nor ordinary, dictionary-type meanings" but are rather "defined in terms of the kinds of harms to property for which a plaintiff may seek redress." *Devlin v. United States,* 352 F.3d 525, 538 (2d Cir.2003). Under New York law, it is clear that a plaintiff may recover for "financial losses" caused by a defendant's negligence only if he has also "suffered personal injury or property damage," *532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.,* 96 N.Y.2d 280, 291–92, 727 N.Y.S.2d 49, 55, 750 N.E.2d 1097 (2001), a phrase that we understand to refer to tangible property damage. Here, PAB does not seek any compensation for the damage done to the plane itself. Rather, its alleged "property damage" stems from its financial losses in being unable to use the plane. Since PAB does not allege that it has suffered any significant tangible property damage,[3] we reject its contention that

---

2. In any event, New York recognizes a cause of action only for intentional—not negligent—interference with contract rights. *See Alvord & Swift v. Stewart M. Muller Constr. Co.,* 46 N.Y.2d 276, 281, 413 N.Y.S.2d 309, 312, 385 N.E.2d 1238 (1978); *see also Rosario–Suarz v. Wormuth Bros. Foundry, Inc.,* 233 A.D.2d 575, 578 n. 2, 649 N.Y.S.2d 225, 227 n. 2 (3d Dep't 1996); Restatement (Second) of Torts § 766C, at 23–24 (1979). Because the FTCA waiver of sovereign immunity confers "subject matter jurisdiction" over suits against the United States "only if a private defendant could have been sued . . . [in] the place where the act or omission occurred," *Makarova v. United States,* 201 F.3d 110, 113–14 (2d Cir.2000) (citing 28 U.S.C. § 1346(b)(1)) (internal quotation marks omitted), if plaintiff's claim is correctly construed as one for negligent inter-

ference with contract, then dismissal was warranted under § 1346(b)(1) for failure to state a claim under New York law independent of the contract exception provided in § 2680(h).

3. New York courts have permitted a party who has sustained some personal injury or tangible property damage also to recover for lost profits. *See Syracuse Cablesystems, Inc. v. Niagara Mohawk Power Co.,* 173 A.D.2d 138, 142, 578 N.Y.S.2d 770, 772 (4th Dep't 1991); *Dunlop Tire & Rubber Corp. v. FMC Corp.,* 53 A.D.2d 150, 155, 385 N.Y.S.2d 971, 974–75 (4th Dep't 1976); *see also 532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.,* 96 N.Y.2d at 290, 727 N.Y.S.2d at 54, 750 N.E.2d 1097 (2001) (citing approvingly to *Dunlop*). Although plaintiff asserts in a

its economic interest in using the plane could give rise to a claim for negligent destruction of property under New York law and, accordingly, we also reject its argument that it has suffered a loss of any "property" recognized by general principles of tort law.

Instead, we agree with the district court that PAB's interest in using the aircraft at issue was entirely a creature of contract law. *See PAB Aviation, Inc. v. United States*, 2000 WL 1134468, 2000 U.S. Dist. LEXIS 10913, at *7 ("PAB had no interest in the aircraft other than that for which it specifically bargained in the Aircraft Management Agreement."). The contract between PAB and TSI identified the latter as the sole owner of the Gulfstream aircraft, free to sell the plane or terminate its use agreement with PAB at any time and without any compensation, provided it gave PAB 90 days notice. While the Agreement guaranteed PAB the use of the plane for a specified number of hours during which it could operate the plane for its charter flights, TSI reserved priority for its own flights. Further, the parties specified that PAB performed its duties under the Agreement as an "independent contractor" and that the contract did not create a "joint venture or partnership" between it and TSI. The plain language of the Agreement demonstrates that PAB acquired no relevant property interest in the plane itself. Thus, it cannot sue for negligent destruction of its property. To the extent it seeks damages attributable to

footnote in its reply brief that it suffered property damage to chattels stored on the aircraft, it failed to plead such damages in its complaint. Nor are such damages identified in the "Summary of Uninsured Losses." Thus, we will not now entertain plaintiff's attempt to recast its claim. *See Nichols v. Prudential Ins. Co. of Am.,* 406 F.3d 98, 106 (2d Cir. 2005) (noting that an argument not made to the district court may not be made on appeal); *United States v. Svoboda,* 347 F.3d 471,

defendant's negligence, its claim relates only to interference with its contract right to use TSI's plane. *See* Restatement (Second) of Torts § 766C, at 24.

The district court's March 9, 2005 judgment of dismissal is AFFIRMED.

480 (2d Cir.2003) (noting argument raised only in a footnote is not " 'adequately raised or preserved for appellate review' "); *Tischmann v. ITT/Sheraton Corp.,* 145 F.3d 561, 568 n. 4 (2d Cir.1998) (noting argument raised for the first time in reply brief is waived).

