# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1044**
**CA 13-00090**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

NIAGARA FOODS, INC., BENLEY REALTY CO. AND
THE CHARTER OAK FIRE INSURANCE COMPANY,
PLAINTIFFS-APPELLANTS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

FERGUSON ELECTRIC SERVICE COMPANY, INC.,
DEFENDANT-RESPONDENT-APPELLANT,
AND TEGG CORPORATION, DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

LAW OFFICES OF ROBERT A. STUTMAN, P.C., NEW YORK CITY AND BRANDT,
ROBERSON & BRANDT, P.C., LOCKPORT (CAROL R. FINOCCHIO OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS-RESPONDENTS.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (R. ANTHONY
RUPP, III, OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

WALSH, ROBERTS & GRACE, BUFFALO (JOSEPH H. EMMINGER, JR., OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal and cross appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered October 16, 2012. The order granted the motion of defendant Tegg Corporation for summary judgment dismissing the first amended complaint against it, granted those parts of the motion of defendant Ferguson Electric Service Company, Inc., for summary judgment dismissing the causes of action for negligence and strict products liability and otherwise denied the motion of defendant Ferguson Electric Service Company, Inc.

It is hereby ORDERED that said cross appeal is unanimously dismissed and the order is affirmed without costs.

Memorandum: This action arises out of a fire that caused significant property damage to a four-story industrial building in the Village of Middleport in Niagara County. During the relevant time period, plaintiffs Niagara Foods, Inc. (Niagara) and Benley Realty Co. (Benley) both occupied the building, and Benley was the owner. Plaintiff The Charter Oak Fire Insurance Company (Charter Oak) seeks subrogation for the payments it made as a result of the subject fire. In appeal No. 1, plaintiffs appeal and defendant Ferguson Electric Service Company, Inc. (Ferguson) cross-appeals from an order that granted the motion of defendant Tegg Corporation (Tegg) for summary judgment dismissing the first amended complaint in its entirety

against Tegg and that granted in part Ferguson's motion for summary judgment dismissing, as relevant on appeal, the negligence cause of action against it. In appeal No. 2, Ferguson appeals from an order that, upon reargument, denied its motion to the extent that it sought summary judgment dismissing the remaining cause of action, for breach of contract, against it. We note at the outset that Ferguson's cross appeal from the order in appeal No. 1 must be dismissed because the order in appeal No. 2 superseded the original order insofar as it granted leave to reargue the prior motion with respect to the cause of action for breach of contract and, upon reargument, adhered to the prior decision concerning that cause of action (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985, 985).

In appeal No. 1, we reject plaintiffs' contention that Supreme Court erred in granting those parts of defendants' respective motions for summary judgment dismissing the negligence cause of action. "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated . . . This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389; *see Bristol-Myers Squibb, Indus. Div. v Delta Star*, 206 AD2d 177, 179-180). Plaintiffs cannot maintain their tort cause of action because Ferguson, which had a contract with Niagara, owed no legal duty that is independent of the contract (*see generally Bristol-Myers Squibb*, 206 AD2d at 179-180). Moreover, "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party," such as Benley (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138).

In addition, even assuming, arguendo, that the negligence cause of action is viable with respect to Ferguson, we conclude that it was properly dismissed against Tegg. That cause of action as against Tegg was premised solely upon its status as a franchisor of Ferguson, inasmuch as Tegg had neither a contract nor a direct relationship with any of the plaintiffs. "The mere existence of a franchise agreement is insufficient to impose vicarious liability on the franchisor for the acts of its franchisee; there must be a showing that the franchisor exercised control over the day-to-day operations of its franchisee" (*Martinez v Higher Powered Pizza, Inc.*, 43 AD3d 670, 671). Here, the record establishes that Tegg did not exercise "control over the day-to-day operations of" Ferguson (*id.*).

In appeal No. 2, we agree with Ferguson that the court erred, upon reargument, in denying its motion for summary judgment dismissing the remaining cause of action against it, for breach of contract, which at this stage of the litigation is asserted only by Niagara and, by way of subrogation, Charter Oak. We therefore reverse the order insofar as appealed from. It is well settled that the elements of a breach of contract cause of action are "the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages" (*JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802, 803; *see Clearmont Prop., LLC v Eisner*, 58

AD3d 1052, 1055). Ferguson contracted to provide a "3-year Electrical Preventive Maintenance Program" (EPMP) for a fee of $2,108 per year, and the contract specified the services to be provided pursuant thereto. It is undisputed that there was a written contract between Ferguson and Niagara and that Niagara met its obligations under the contract, which in this context was payment for the services rendered. While plaintiffs allege that Ferguson breached that contract, they do not identify what service or services were either not performed at all or were inadequately performed. Plaintiffs thus effectively concede that Ferguson performed the services it promised to perform pursuant to the contract, and they instead attempt to prove based on matters outside the agreement that Ferguson failed to perform additional services or to meet certain industry standards for an EPMP.

"[I]nasmuch as [Niagara] seeks to create triable issues of fact solely through the use of parol evidence, resolution of the propriety of [the c]ourt's [denial] of summary judgment against [it] turns upon whether parol evidence is admissible in this instance" (*State Univ. Constr. Fund v Aetna Cas. & Sur. Co.*, 189 AD2d 929, 931-932). It is well established that "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569). Moreover, "[p]arol evidence—evidence outside the four corners of the document—is admissible only if a court finds an ambiguity in the contract" (*Schron v Troutman Sanders LLP*, 20 NY3d 430, 436). Here, parole evidence is not admissible because there is no ambiguity in the contract between Niagara and Ferguson (*see Polyfusion Elecs., Inc. v Promark Elecs., Inc.*, 108 AD3d 1186, 1187). "What [plaintiffs] misapprehend[] is that evidence of current industry practice is only 'admissible to explain the meaning of terms used in any particular trade, when their meaning is material to construe the contract' " (*News Am. Mktg., Inc. v Lepage Bakeries, Inc.*, 16 AD3d 146, 148). Ferguson met its initial burden by establishing through proof in admissible form that it performed the services it had promised to perform in the contract and, in opposition, plaintiffs failed to present evidence that Ferguson breached the contract (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). As a result, Ferguson is entitled to summary judgment dismissing the cause of action for breach of contract against it. In light of our determination, we need not address Ferguson's separate contention relating solely to Charter Oak's right of subrogation.

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court