■ CONTEL CREDIT CORPORATION, Respondent, v MR. JAY APPLIANCES & TV, INC., Appellant. (And a Third-Party Action.)—In an action to recover damages for the breach of an equipment lease, the defendant appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated July 11, 1986, which granted the plaintiff's motion for summary judgment and severed the defendant's third-party action against the third-party defendant.

Ordered that the order is affirmed, with costs.

The plaintiff ConTel Credit Corporation (hereinafter ConTel) and the defendant Mr. Jay Appliances & TV, Inc. (hereinafter Mr. Jay) entered into an agreement whereby ConTel agreed to lease certain telephone equipment to Mr. Jay for use in Mr. Jay's retail establishment. Mr. Jay selected the equipment from the third-party defendant Executone, Long Island/Nassau, Inc. (hereinafter Executone), and this equipment was then purchased by ConTel and leased to Mr. Jay. ConTel commenced an action against Mr. Jay alleging its failure to make payment under the terms of the lease. Mr. Jay raised as an affirmative defense that there was fraud in the inception and execution of the sale and lease agreements in that the equipment supplied by Executone was defective and not fit for use. Mr. Jay further argued that because of an alleged interrelationship between ConTel and Executone that ConTel should have known of this fraud and is, therefore, barred from recovery under the lease.

Special Term properly granted the plaintiff ConTel's motion for summary judgment. The "Terms and Conditions" of the lease clearly state that the "[l]essor makes no warranty, express or implied, as to the equipment * * * including the condition of the equipment, its merchantability or its fitness for any particular purpose". The disclaimer further states that the "lessee leases equipment from lessor 'as is' ". The disclaimers are clearly conspicuous in bold print on the face of the lease and appear directly above the signatures of the parties to the agreement *(see,* UCC 2-316).

Further, clause two, which also appears on the face of the agreement, expressly provides that even if the "Equipment is unsatisfactory for any reason, Lessee shall make any claim solely against Vendor or the manufacturer [Executone] and shall, nevertheless, pay Lessor [ConTel] all amounts payable under this lease".

The use of the language disclaiming warranties is in conformity with the applicable statute (UCC 2-316), and any claim which Mr. Jay may have as to the condition of the equipment or its fitness must be made against Executone and not ConTel (see, Gale v Kessler, 93 AD2d 744).

Finally, we have considered Mr. Jay's other contention as to the alleged interrelationship of ConTel and Executone and find it is without merit. Bracken, J. P., Weinstein, Spatt and Harwood, JJ., concur.