■ Sky Acres Aviation Services, Inc., Respondent, v Styles Aviation, Inc., Appellant. [620 NYS2d 442] —In an action to recover damages for breach of warranties, the defendant appeals from so much of an order of the Supreme Court,

Dutchess County (Jiudice, J.), entered October 6, 1993, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff purchased a used aircraft engine from the defendant and subsequently commenced this action seeking damages for breach of implied and express warranties. The Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint.

The invoice of sale contained a pre-printed disclaimer in bold print stating: "Sold in as is condition without any warranties of merchantability or fitness". The disclaimer, in bold type and readily noticeable, was conspicuous (see, UCC 1-201 [10]; *Commercial Credit Corp. v CYC Realty,* 102 AD2d 970, 972). Consequently, the implied warranties of merchantability and fitness were excluded (see, UCC 2-316 [2], [3] [a]; *ConTel Credit Corp. v Mr. Jay Appliances & TV,* 128 AD2d 668).

Further, the invoice, containing the names and addresses of the buyer and seller, the date of the sale, a description of the engine and the price, represented the final expression of the parties' agreement and its terms may not be contradicted by evidence of any prior or contemporaneous oral representations (see, UCC 2-202; *Battista v Radesi,* 112 AD2d 42; *Bender & Co. v Jaiswal,* 93 AD2d 969). Under the facts of this case, the alleged oral express warranty regarding the condition of the engine not only contradicts the terms of the invoice, but is also the type of term that the parties would ordinarily be expected to include in their writing. Therefore, proof of that alleged oral representation is barred by the parol evidence rule (see, *Potsdam Cent. Schools v Honeywell, Inc.,* 120 AD2d 798; *Zugarek v Walck,* 54 AD2d 1074; *William H. Waters, Inc. v March,* 240 App Div 120; UCC 2-202 Comment 3). Since the plaintiff's evidence is inadmissible, there is no triable issue of fact (see, *Intershoe, Inc. v Bankers Trust Co.,* 77 NY2d 517, 519). Mangano, P. J., Thompson, Bracken and Altman, JJ., concur.