■ LEMONIER VERDIER, Respondent, v PORSCHE CARS NORTH AMERICA, INC., et al., Appellants. [680 NYS2d 596] —In an action, *inter alia,* to recover damages for breach of warranty, the defendants appeal from an order of the Supreme Court, Westchester County (Rosato, J.), entered September 15, 1997, which, *inter alia,* denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff leased a Porsche automobile for a three-year period from the defendant Classic Automobiles, Inc. (hereinafter

Classic). He allegedly experienced continuing mechanical difficulties with the vehicle, necessitating its frequent repair and depriving him of its use for long periods of time. After the lease terminated, the plaintiff commenced this action to recover the lease payments and consequential damages which he claims to have suffered as a result of the automobile's malfunction. The complaint set forth causes of action sounding in breach of express and implied warranties, and to recover damages for violation of General Business Law § 198-a (hereinafter the Lemon Law). The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. We affirm.

The defendants' challenges to the plaintiff's Lemon Law cause of action are unpersuasive. The Lemon Law cause of action was timely asserted within four years of the delivery of the vehicle to the plaintiff (*see,* General Business Law § 198-a [j]), and the plaintiff's return of the vehicle to Classic, an authorized Porsche dealer, satisfied the requirements of General Business Law § 198-a (c) (1). Furthermore, while the defendants maintain that the plaintiff's failure to avail himself of Porsche's informal dispute resolution program bars him from seeking relief under the Lemon Law (*see,* General Business Law § 198-a [g]), the plaintiff correctly observes that the Porsche program violates General Business Law § 198-a (m) (1) (ii), which mandates that such informal dispute settlement mechanisms comply with applicable Federal regulations. Indeed, the Porsche program fails to comply with 16 CFR 703.2 (b) (3) (*see, generally, Harrison v Nissan Motor Corp.,* 111 F3d 343), because the written warranty suggests that participation in Porsche's informal dispute settlement mechanism is merely optional, and does not disclose that resort to the mechanism is a prerequisite to obtaining relief under the Lemon Law. Under these circumstances, the plaintiff was not required to participate in the Porsche program before asserting his Lemon Law cause of action in this action.

Similarly unavailing is Classic's contention that it cannot be held liable for breach of warranty because it disclaimed all express and implied warranties to the plaintiff. Questions exist with respect to whether the disclaimer upon which Classic relies was sufficiently conspicuous (*see,* UCC § 2-316 [2]), and whether it was communicated to the plaintiff. Furthermore, it is possible that Classic may be held liable pursuant to the warranty language which appears in the repair orders furnished to the plaintiff (*see, Carbo Indus. v Becker Chevrolet,* 112 AD2d 336).

The defendants' remaining contentions are without merit. Rosenblatt, J. P., Copertino, Sullivan and Altman, JJ., concur.