■ NOBLE THREAD CORP., Respondent, v VORMITTAG ASSOCIATES, INC., Appellant, et al., Defendant. [758 NYS2d 509] —In an action to recover damages for breach of contract, the defendant Vormittag Associates, Inc., appeals from an order of the Supreme Court, Nassau County (Carter, J.), dated March 22, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing so much of the

complaint as sought consequential damages against the appellant and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On or about February 17, 1998, the plaintiff and the appellant entered into a written agreement whereby the appellant granted the plaintiff a license to use certain software in exchange for a licensing fee. Pursuant to the agreement, the appellant was required to provide telephone support and modification updates at an extra cost.

The agreement contained a "limitation of liability" clause which stated: "In no event will [the appellant] be liable for indirect, incidental, or consequential damages resulting from any defect in Licensed software or from its use, whether or not under this agreement."

That limitation of liability is clear and unambiguous. Such a limitation of liability is generally enforceable unless the provision is unconscionable (see UCC 2-719 [3]). There is no evidence in the record that enforcement of the provision would be unconscionable (see Suffolk Laundry Servs. v Redux Corp., 238 AD2d 577, 579 [1997]). Accordingly, so much of the complaint as sought consequential damages against the appellant should have been dismissed.

However, the appellant concedes that "plaintiff is entitled to a refund of the license fee, less any unpaid charges." It cannot be determined on this record, inter alia, whether the plaintiff is liable for "unpaid charges," if any, and whether the appellant received payment for services which were not provided. Therefore, the appellant is not entitled to summary judgment dismissing the causes of action to recover damages for breach of warranty and breach of contract in their entirety. Altman, J.P., Krausman, Goldstein and Cozier, JJ., concur.