■ PRINTING ASSOCIATES INTERNATIONAL, LLC, Appellant, v ENVIRONMENTAL INKS & COATINGS CORPORATION, Respondent. [815 NYS2d 619]—

In an action, inter alia, to recover damages for breach of warranty, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated August 11, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, who is in the printing business, commenced this action against the defendant, a manufacturer of specialty inks, alleging, inter alia, that the defendant manufactured a defective security ink for certain lottery tickets. The defendant established its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]), by submitting evidence that it satisfactorily replicated the "wet sample" of ink according to the plaintiff's request, on time and at the agreed-upon price. The plaintiff's evidence submitted in opposition failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). To the contrary, the plaintiff's evidence indicated that the lottery tickets manufactured in the plaintiff's plant using the defendant's ink and with the assistance of the defendant's employee passed the plaintiff's quality control inspections at the time the lottery tickets left the plaintiff's plant and that the plaintiff did not request or require the defendant to perform any independent testing. Therefore, the Supreme Court properly granted summary judgment dismissing the causes of action based upon breach of warranty.

The plaintiff's contention that the limitation on liability contained in the defendant's invoices was either inapplicable to the subject transaction or unconscionable is without merit (see UCC 2-719 [3]; Noble Thread Corp. v Vormittag Assoc., 305 AD2d 386 [2003]). Schmidt, J.P., Rivera, Skelos and Lifson, JJ., concur.