■ BIMINI BOAT SALES, INC., Doing Business as OAKDALE BOAT CENTER, Appellant, v LUHRS CORPORATION, Respondent. [892 NYS2d 548]—

The plaintiff, a retail boat dealer, purchased a fishing boat from the defendant, a boat manufacturer, for the purpose of reselling the boat to the general public. After discovering numerous defects with the boat which allegedly made it unmerchantable and unfit for the particular purpose of reselling to the general public, the plaintiff commenced this action seeking, among other things, damages for breach of the implied warranties of merchantability and fitness for a particular purpose. The plaintiff moved for summary judgment on the issue of liability, and the defendant cross-moved for summary judgment dismissing the complaint in its entirety.

The plaintiff established a prima facie case entitling it to summary judgment with respect to liability against the defendant on its causes of action to recover damages for breach of implied warranty of merchantability (*see* UCC 2-314; *Denny v Ford Motor Co.*, 87 NY2d 248, 258-259 [1995]; *Wojcik v Empire Forklift, Inc.*, 14 AD3d 63, 66 [2004]), and breach of the implied warranty of fitness for a particular purpose (*see* UCC 2-315), by demonstrating that the subject boat had "fundamental" "structural deficiencies" and design flaws, which required extensive repairs and "design modifications," making it unmerchantable and not fit for its particular purpose of reselling to the general public (*see Wojcik v Empire Forklift, Inc.*, 14 AD3d at 68).

In opposition, the defendant failed to raise a triable issue of fact as to these claims (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Contrary to the defendant's contentions in its cross motion, the written dealer agreement between the plaintiff and the defendant failed to effectively disclaim the implied warranty of merchantability since the purported disclaimer did not mention the term "merchantability" (*see* UCC 2-316 [2]; *Carbo Indus. v Becker Chevrolet*, 112 AD2d 336, 339 [1985]; *Pay Tel Sys., Inc. v Seiscor Tech., Inc.*, 850 F Supp 276, 281 [1994]), and the purported disclaimer was not conspicuous (*see* UCC 1-201 [10]; *Verdier v Porsche Cars N. Am.*, 255 AD2d 436, 437 [1998]; *cf. Sky Acres Aviation Servs. v Styles Aviation*, 210 AD2d 393, 394 [1994]; *ConTel Credit Corp. v Mr. Jay Appliances & TV*, 128 AD2d 668, 669 [1987]).

Similarly, the dealer agreement between the parties failed to effectively disclaim the implied warranty of fitness for a particular purpose since the purported disclaimer was not conspicuous (*see* UCC 2-316 [2]; *Verdier v Porsche Cars N. Am.*, 255 AD2d at 437; *cf. Sky Acres Aviation Servs. v Styles Aviation*, 210

784

AD2d at 394; *ConTel Credit Corp. v Mr. Jay Appliances & TV*, 128 AD2d at 669). Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action to recover damages for breach of the implied warranties of merchantability and fitness for a particular purpose, and should have denied the defendant's cross motion for summary judgment dismissing those cause of action.

However, the Supreme Court properly awarded summary judgment to the defendant dismissing the causes of action to recover damages for loss of business and damage to the plaintiff's business reputation, as such causes of action were barred by the terms of the dealer agreement (*see* UCC 2-719; *Printing Assoc. Intl., LLC v Environmental Inks & Coatings Corp.*, 27 AD3d 714 [2006]; *Noble Thread Corp. v Vormittag Assoc.*, 305 AD2d 386, 387 [2003]; *Suffolk Laundry Servs. v Redux Corp.*, 238 AD2d 577, 579 [1997]). Fisher, J.P., Covello, Santucci and Balkin, JJ., concur. **[Prior Case History: 2008 NY Slip Op 32767(U).]**