# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**366**
**CA 10-02054**
PRESENT: SCUDDER, P.J., CENTRA, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

LISANN JACOBS, PLAINTIFF-APPELLANT,

V                                                     MEMORANDUM AND ORDER

TILE SHOPPE ENTERPRISES, INC.,
DEFENDANT-RESPONDENT.

---

HODGSON RUSS LLP, BUFFALO (KYLE C. REEB OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

DAVID P. FELDMAN, BUFFALO, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 14, 2010. The order denied plaintiff's motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied plaintiff's motion for partial summary judgment. We note at the outset that the only cause of action addressed in plaintiff's brief on appeal is the fourth cause of action, for breach of warranty, and she addresses only that part of the cause of action with respect to breach of warranty of fitness for a particular purpose (*see* UCC 2-315). Thus, that is the only issue properly before us. We affirm. Plaintiff met her initial burden on the motion by establishing that she relied on defendant's representations that the tile she purchased was fit for a particular purpose, i.e., outdoor use (*see* UCC 2-315; *see also Bimini Boat Sales, Inc. v Luhrs Corp.*, 69 AD3d 782, 783; *see generally Saratoga Spa & Bath v Beeche Sys. Corp.*, 230 AD2d 326, 331, *lv dismissed and lv denied* 90 NY2d 979). In opposition to the motion, however, defendant raised a triable issue of fact by submitting the results of objective testing demonstrating that the tile was in fact fit for outdoor use (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  March 25, 2011                           Patricia L. Morgan
                                                   Clerk of the Court