JOKA INDUSTRIES, INC., Appellant, v DOOSAN INFRACORE AMERICA CORPORATION et al., Respondents. [59 NYS3d 470]—

Appeals from (1) an order of the Supreme Court, Suffolk County (Emily Pines, J.), dated August 12, 2013, and (2) an order of that court dated February 11, 2014. The order dated August 12, 2013, insofar as appealed from, granted that branch of the defendants' cross motion which was for summary judgment dismissing the fifth cause of action of the amended verified complaint. The order dated February 11, 2014, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the first, second, fourth, and sixth causes of action and granted those branches of the defendants' cross motion which were for summary judgment dismissing the third, seventh, and eighth causes of action of the amended verified complaint.

Motion by the defendants, inter alia, to dismiss as academic the appeal from so much of the order dated February 11, 2014, as denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the first, second, fourth, and sixth causes of action. By decision and order on motion of this Court dated January 8, 2016, that branch of the defendants' motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which is to dismiss as academic the appeal from so much of the order dated February 11, 2014, as denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the first, second, fourth, and sixth causes of action is granted; and it is further,

Ordered that the appeal from so much of the order dated February 11, 2014, as denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the first, second, fourth, and sixth causes of action is dismissed as academic; and it is further,

Ordered that the order dated August 12, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated February 11, 2014, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In 2007, the plaintiff purchased a milling machine from the defendant 21st Century Machine Tools, Inc., that was manufactured by the defendant Doosan Infracore America Corporation.

The terms of the purchase were memorialized in a number of documents and emails exchanged by the parties' representatives (hereinafter collectively the contract of sale). In 2010, the plaintiff commenced this action alleging that the milling machine failed to perform in accordance with certain specifications set forth in the contract of sale. In relevant part, the plaintiff asserted causes of action alleging breach of express and implied warranties, to recover consequential and incidental damages, and fraud in the inducement. The plaintiff moved for summary judgment on the issue of liability, and the defendants cross-moved for summary judgment dismissing the amended verified complaint in its entirety. In an order dated August 12, 2013, the Supreme Court granted that branch of the defendants' cross motion which was for summary judgment dismissing the fifth cause of action, which sought to recover incidental and consequential damages. In an order dated February 11, 2014, the court, inter alia, granted those branches of the defendants' cross motion which were for summary judgment dismissing the third cause of action, which alleged breach of the implied warranty of fitness for a particular purpose, the seventh cause of action, which alleged breach of the implied warranty of merchantability, and the eighth cause of action, which alleged fraud in the inducement. The court also denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the first and second causes of action, which alleged breach of an express warranty, the fourth cause of action, which alleged breach of a limited warranty, and the sixth cause of action, which alleged breach of contract. The plaintiff appeals from both orders.

The appeal from so much of the order dated February 11, 2014, as denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on its first, second, fourth, and sixth causes of action has been rendered academic by a subsequent so-ordered stipulation pursuant to which the plaintiff agreed to discontinue without prejudice those causes of action.

Furthermore, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging breach of the implied warranty of fitness for a particular purpose and breach of the implied warranty of merchantability by demonstrating that they expressly and conspicuously disclaimed these implied warranties in the contract of sale (*see* UCC 1-201 [b] [10]; 2-316 [2]; *Sky Acres Aviation Servs. v Styles Aviation*, 210 AD2d 393, 394 [1994]; *Carbo Indus. v Becker Chevrolet*, 112 AD2d 336, 339 [1985]).

Similarly, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover consequential and incidental damages by establishing that the cause of action was barred by a limitation of liability provision in the contract of sale (*see* UCC 2-719; *Noble Thread Corp. v Vormittag Assoc.*, 305 AD2d 386, 387 [2003]; *Suffolk Laundry Servs. v Redux Corp.*, 238 AD2d 577, 579 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the disclaimers of the implied warranties were enforceable (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) and as to whether the limitation of liability provision was unconscionable (*see Noble Thread Corp. v Vormittag Assoc.*, 305 AD2d at 387; *Suffolk Laundry Servs. v Redux Corp.*, 238 AD2d at 579).

The defendants also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging fraud in the inducement by establishing that the alleged fraudulent misrepresentations at issue were not collateral or extraneous to the contract of sale (*see Genovese v State Farm Mut. Auto. Ins. Co.*, 106 AD3d 866, 866 [2013]; *Stangel v Zhi Dan Chen*, 74 AD3d 1050, 1052 [2010]; *McGee v J. Dunn Constr. Corp.*, 54 AD3d 1010, 1010 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

Accordingly, the Supreme Court properly granted those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action alleging breach of the implied warranty of fitness for a particular purpose, breach of the implied warranty of merchantability, and fraud in the inducement, and to recover consequential and incidental damages. Rivera, J.P., Leventhal, Austin and Cohen, JJ., concur.