Board of Mgrs. of the 37, 39 Madison St. Condominium v 31 Madison Dev., LLC (2024 NY Slip Op 04451)

Board of Mgrs. of the 37, 39 Madison St. Condominium v 31 Madison Dev., LLC

2024 NY Slip Op 04451

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2021-03529
 (Index No. 504783/19)

[*1]Board of Managers of the 37, 39 Madison Street Condominium, respondent, 
v
31 Madison Development, LLC, et al., appellants.

Naidich Wurman LLP, Great Neck, NY (Robert P. Johnson and Richard S. Naidich of counsel), for appellants.
Stephen C. Giametta & Associates, P.C., Bohemia, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated November 19, 2020. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first through fourth causes of action.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss so much of the first cause of action as sought consequential damages and to dismiss the second through fourth causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, Board of Managers of the 37, 39 Madison Street Condominium, is the board of managers of a 12-unit condominium building located in Brooklyn. In 2019, the plaintiff commenced this action against the sponsor and developer of the condominium, the defendant 31 Madison Development, LLC, and two of the sponsor's principals, the defendants Dimitrios Politis and Yossef Boniel, among other things, to recover damages for defective construction of certain of the condominium's common areas. The complaint alleged, inter alia, causes of action to recover damages for breach of contract (first cause of action), unjust enrichment (second cause of action), breach of implied housing merchant warranty (third cause of action), and negligence (fourth cause of action). The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated November 19, 2020, the Supreme Court, among other things, denied those branches of the defendants' motion which were to dismiss the first through fourth causes of action. The defendants appeal.
"On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996). "'A motion to dismiss a complaint pursuant to CPR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual [*2]allegations of the complaint and conclusively establishes a defense to the claims as a matter of law'" (Mohawk Constr. & Supply Co., Inc. v Walsh/Consigli JV, 222 AD3d 965, 966-967, quoting Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the court must afford the complaint a liberal construction, accept the facts as alleged in the complaint as true, accord the plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Gold v 22 St. Felix, LLC, 219 AD3d 588, 590; see Leon v Martinez, 84 NY2d 83, 87; Garendean Realty Owner, LLC v Lang, 175 AD3d 653, 653). "[T]he criterion is whether the proponent of [a] pleading has a cause of action, not whether he [or she] has stated one" (Leon v Martinez, 84 NY2d at 88 [internal quotation marks omitted]).
The Supreme Court should have granted that branch of the defendants' motion which was to dismiss so much of the first cause of action, alleging breach of contract, as sought consequential damages. In support of their motion, the defendants submitted, among other things, a limited warranty that had been incorporated into the purchase agreements between the sponsor and unit owners, which expressly stated, "[t]he [s]ponsor's [l]imited [w]arranty excludes all consequential, incidental, special damages and indirect damages." This documentary evidence conclusively established a defense to so much of that cause of action as sought consequential damages as a matter of law (see Mohawk Constr. & Supply Co., Inc. v Walsh/Consigli JV, 222 AD3d 965; Noble Thread Corp. v Vormittag Assoc., 305 AD2d 386, 387).
Moreover, the Supreme Court should have granted those branches of the defendants' motion which were to dismiss the second through fourth causes of action, sounding in unjust enrichment, breach of implied housing merchant warranty, and negligence. Even according the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d at 87), the defendants conclusively established that these causes of action are precluded by the purchase agreement and limited warranty (see Fumarelli v Marsam Dev., 92 NY2d 298, 303; Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388; Avery v WJM Dev. Corp., 216 AD3d 887, 889).
The defendants' remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court